**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 05 250T

| | |
|---|---|
| LILIAN MELENDEZ<br>Plaintiff,<br><br>v.<br><br>NEW CENTURY MORTGAGE CORPORATION<br>Defendant. | C.A. |

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against New Century Mortgage Corporation for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The Plaintiff seeks to enforce her previous rescission of the mortgage presently held by Defendant.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce). Diversity jurisdiction is applicable as the Plaintiff is a resident of Rhode Island and seeks rescission of a $193,500.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Rhode Island.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Lillian Melendez resides at 20 Hardy Street, Cranston, RI 02920.

5. Defendant New Century Mortgage Corporation is a National corporation with its principle place of business at 18400 Von Karman Ave., Suite 1000, Irvine, CA 92612 and the present owner and holder of a mortgage secured by the Plaintiff's residence.

6. New Century Mortgage Corporation enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century Mortgage Corporation is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century Mortgage Corporation is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about April 23, 2004, Plaintiff obtained a loan from New Century Mortgage Corporation, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, the Plaintiff received only one copy of a right to cancel form.

11. Because the transaction was secured by Plaintiff' s home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

12. The Defendant failed to give Plaintiff two copies of the right to cancel form.

13. On or about January 29, 2005, the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A Copy of the notice is attached as Exhibit A.

14. Defendant received a copy of the rescission notice and has failed to honor the request to rescind the loan.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

15. Plaintiff incorporates ¶¶ 1-14 as if fully set out herein.

16. By failing to provide accurate number of copies of the Notice of Right to Cancel form at the closing, New Century Mortgage Corporation failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, the Plaintiff is entitled to rescind the mortgage.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

18. The failure of the Defendant to respond to the notice of rescission is a separate

violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant New Century Mortgage Corporation as follows:

1. A declaration that Plaintiff is entitled to rescind her mortgage;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

# Exhibit A

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

January 29, 2005

New Century Mortgage Corporation
200 Unicorn Park, 3rd Floor
Woburn, MA 01801

Charles E. Houston
New Century Mortgage Corp.
18400 Von Karman Ave., Suite 1000
Irvine, CA 92612-0516

Re: **Notice of Rescission by Lillian Melendez, 20 Hardy Street, Cranston, RI 02885 Loan Number: 0001487323, Closing Date 4-23-2004.**

To Whom It May Concern:

I represent Lillian Melendez concerning the mortgage loan transaction she entered into with New Century Mortgage Corporation on April 23, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that the Ms. Melendez was given incomplete and therefore inaccurate notices of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by New Century Mortgage Corporation on the Melendez' property located at 20 Hardy Street, Cranston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Lillian Melendez,**
**By her Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

cc: Lillian Melendez

TWO DEXTER STREET, P.O. BOX 479 PAWTUCKET, RI 02862 PHONE: (401) 728-6060 FAX: (401) 728-6534